UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JOEL SILVERMAN,

                                                    **Civil Action No.:**

                        Plaintiff,

                                            **FIRST AMENDED COMPLAINT**
                                            *Jury Trial is Demanded*
            -against-

CITY OF NEW YORK, KENSINGTON
CUNNINGHAM (Shield No. 2830) in his
individual and official capacities; CLIFTON
COLLAZO (Shield No. 5037) in his individual and
official capacities; and THOMAS PASCALE (Tax
Registry No. 916398) in his individual and official
capacities,

                        Defendants.

-------------------------------------------------------------------X

        PLAINTIFF, JOEL SILVERMAN, by and through his attorney, Jacob Z. Weinstein,

Esq., providing upon information and belief the following Complaint and state and allege as

follows:

                        **PRELIMINARY STATEMENT**

        1.      This is a civil action seeking monetary relief, a declaratory judgment,

compensatory and punitive damages, disbursements, costs and fees for violations of the

Plaintiff's rights, abuse of process, false arrest, malicious prosecution, and gross

negligence, brought pursuant to 42 U.S.C. § 1983, the Fourth Amendment of the United

States Constitution, and the laws of the State of New York.

        2.      Specifically, the Plaintiff, a Sergeant within the New York City Police

Department, alleges that the Defendants (collectively and individually) negligently,

wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive Plaintiff of his Constitutional rights, pursuant to the above-mentioned statutes and causes of action by committing acts under color of law and depriving the Plaintiff of rights secured by the United States Constitution, Federal law and laws of the State of New York.

3.    Plaintiff alleges that Defendants (collectively and individually), their agents, employees and servants unlawfully and under color of law harassed, falsely arrested, and maliciously prosecuted Plaintiff.

4.    Plaintiff alleges that the Defendants (collectively and individually) unlawfully detained plaintiff and abused the power and rights given to Defendants (collectively and individually) in their capacities as members of the New York City Police Department.

5.    Defendants (collectively and individually) were grossly negligent and/or intentionally and recklessly breached their duties of care and duties to intervene with respect to the interactions with and treatment of Plaintiff as described herein.

6.    Plaintiff further alleges that Defendants (collectively and individually) were negligent in training, hiring, and supervising its Police Officers, employees, representatives, and/or agents. Further, Plaintiff alleges that Defendants (collectively and individually) were deliberately indifferent to the need to train its Officers. Accordingly, Defendants are liable to the Plaintiff for abuse of process, false arrest, and malicious prosecution, for conspiring to condone and encourage such civil rights violations and for maliciously failing to investigate and punish the actions of the individual Defendants.

7.    As a result of the Defendants' actions (collectively and individually), Plaintiff suffered a violation of his constitutionally protected rights; and significant and lasting economic and finical harm.

**JURISDICTION AND VENUE**

8.      This action is being brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

9.      The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

10.     This court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State Law claims pursuant to 28 U.S.C. § 1367.

11.     Venue in the Southern District of New York is proper under 28 U.S.C. § 1391, based on the fact that the place where the events and violations herein alleged occurred was in The City of New York, New York County.

12.     A Notice of Claim was filed on October 21, 2016 which was completely ignored and neglected by the City of New York.

**PARTIES**

13.     Plaintiff, JOEL SILVERMAN (hereinafter "PLAINTIFF" or "Sgt. SILVERMAN") is a thirty-eight (38) year old male who currently resides in Spring Valley, New York.   Sgt. SILVERMAN has been a member of the New York City Police Department (hereinafter "NYPD") since 2005 and has held the rank of Sergeant since 2013.

14.     Upon information and belief, the defendant CITY OF NEW YORK (hereinafter "NEW YORK CITY" or "DEFENDANT" or "DEFENDANT CITY") is a duly constituted municipal corporation of the State of New York.   Upon information and belief, NEW YORK CITY formed and has direct authority over several different departments including the New York City Police Department.   The aforementioned department and/or employees,

agents, or representatives of these departments are directly involved in violations that are at issue in this complaint.

15.     Upon information and belief, Defendant KENSINGTON CUNNINGHAM (Shield No. 2830) (hereinafter "CUNNINGHAM" or "DEFENDANT CUNNINGHAM"), is employed by the CITY OF NEW YORK under the direction of the New York City Police Department.  Upon further information and belief, DEFENDANT CUNNINGHAM holds the rank of Sergeant within the NYPD's Internal Affairs Bureau (hereinafter "IAB") and is assigned to IAB Group 41 located at 2796 Northern Boulevard, Long Island City, New York 11101.

16.     Upon information and belief, Defendant CLIFTON COLLAZO (Shield No. 5037) (hereinafter "COLLAZO" or "DEFENDANT COLLAZO"), is employed by the CITY OF NEW YORK under the direction of the New York City Police Department.  Upon further information and belief, DEFENDANT COLLAZO holds the rank of Sergeant within the NYPD's Internal Affairs Bureau (hereinafter "IAB").

17.     Upon information and belief, Defendant THOMAS PASCALE (Tax Registry No. 916398) (hereinafter "PASCALE" or "DEFENDANT PASCALE"), at all relevant times hIAerein, was an employee of NEW YORK CITY under the direction of the NYPD.  Upon further information and belief, DEFENDANT PASCALE was assigned to IAB from 2015 to 2017.  As of March 2017, DEFENDANT PASCALE joined the State University of New Yew, Old Westbury University as Deputy Chief of University Police.

18.     Defendants CUNNINGHAM, COLLAZO and PASCALE are hereinafter collectively referred to as the INDIVIDUAL DEFENDANTS.

19.     The INDIVIDUAL DEFENDANTS and DEFENDANT CITY are hereinafter collectively referred to as the DEFENDANTS.

20.     The INDIVIDUAL DEFENDANTS are being sued in their individual and official capacities.

21.     At all relevant times herein, INDIVIDUAL DEFENDANTS were acting under color of New York State and Federal law.

## FACTUAL ALLEGATIONS

22.     PLAINTIFF is a member of the NYPD with an excellent record, currently a Sergeant within the Detective Squad of the 26th Precinct.

23.     Sgt. SILVERMAN has twenty (20) medals; nineteen for Excellent Police Duty and one Commendation.

24.     On July 12, 2016 at approximately 10:45 PM, Sgt. SILVERMAN'S estranged wife, Heidi Leibowitz, made a false police report at the 72nd Precinct alleging that PLAINTIFF had violated a Family Court Order of Protection by following her in a vehicle on July 12, 2016 from 2:30 PM to 2:50 PM, in the vicinity of 15th Avenue and 60th Street within Kings County, New York for approximately 10 blocks, while Leibowitz was on foot.

25.     Leibowitz further falsely claimed she then got into a vehicle and Plaintiff continued to follow for another 15 blocks, all while simultaneously claiming to be on "bedrest."

26.     This was factually impossible as (1) Sgt. SILVERMAN was nowhere near that location at that time and date; (2) the road and location were closed by the New York City

Department of Transportation for construction; and (3) Heidi Leibowitz has sworn that she was bedridden at that time and date.

27.     Nonetheless, on July 27, 2016 at approximately 5:30 P.M., DEFENDANTS CUNNINGHAM and COLLAZO detained Sgt. SILVERMAN at his place of work within the Detective Squad of the 26th Precinct, in New York County.

28.     Thereafter, at that time and place, CUNNINGHAM stated in sum and substance the following:

      a.  Sgt. SILVERMAN was going to be arrested simply because his name was on a police report, and IAB did not care whether the allegation was true or not;

      b.  Heidi Leibowitz is not a credible complainant, but Sgt. SILVERMAN would be arrested anyway;

      c.  A License Place Reader (hereinafter "LPR") showed that your vehicle was on the Brooklyn Bridge at approximately 2:50 PM on the date in question; and

      d.  The NYPD Legal Division instructed CUNNINGHAM not to place Sgt. SILVERMAN under arrest.

29.     CUNNINGHAM further informed Sgt. SILVERMAN that his arrest was personally authorized by DEFENDANT PASCALE.

30.     CUNNINGHAM placed Sgt. SILVERMAN under arrest, in front of his subordinates at the 26th Precinct.

31.     Sgt. SILVERMAN only saw a judge the next date at approximately 5:00 PM on July 28, 2016, nearly 24 hours later.

32.     Sgt. SILVERMAN, was arraigned under docket 2016KN044319 in Kings County on a Misdemeanor complaint for Criminal Contempt in the Second Degree and Harassment in the Second Degree.

33.     Bail was set at $3,500 cash or $7,500 insurance company bond.

34.     On September 11, 2017, this matter was dismissed pursuant to New York Criminal Procedure Law 30.30.  The wrongful arrest and subsequent malicious prosecution cost Sgt. SILVERMAN thousands of dollars of legal fees as well as lost standing in the community due to the publicity of the arrest.

35.     NEW YORK CITY acting grossly negligently, wantonly, knowingly, and intentionally allowed through a lack of oversight, procedure, and training for the INDIVIDUAL DEFENDANT to be on patrol and active in the community.

36.     The INDIVIDUAL DEFENDANTS knowingly and willfully wrongfully arrested Sgt. SILVERMAN without probable cause.

37.     As a result of the INDIVIDUAL DEFENDANTS' actions, Sgt. SILVERMAN suffered a clear violation to his Civil Rights as well as lasting economic harm, some of which are the following:

   a. Sgt. SILVERMAN was initially suspended from duty and, after approximately a month, was then placed on Level Two Monitoring (usually reserved for officers found guilty of charges or with chronic work discipline problems);

   b. PLAINTIFF was and still is forbidden from any over-time actions, costing tens of thousands of dollars each year;

c.   Sgt. SILVERMAN has been passed over from being promoted to Lieutenant several times, even though he is a well-qualified candidate.

38.   All criminal charges against Sgt. SILVERMAN have been dismissed.

39.   Such malicious prosecution, gross negligence, abuse of process, and false arrest assault resulting in economic damages, and embarrassment all of which resulted directly from the actions of the DEFENDANTS' actions under color of law and abuse of criminal process against the Sgt. SILVERMAN.

### AS AND FOR A FIRST COUNT,
### 42 U.S.C. § 1983
(False Arrest Against All Defendants)

40.   Sgt. SILVERMAN repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

41.   Under color of law, the DEFENDANTS, their agents, employees and servants deprived the Sgt. SILVERMAN of his Fourth, Fifth, Sixth and Fourteenth Amendment rights to protection from unlawful seizure in the form of unlawful and wrongful arrest.

42.   Any one of the DEFENDANTS could have prevented a continuation of the wrongs propagated against Sgt. SILVERMAN.

43.   At no point did the INDIVIDUAL DEFENDANTS come forward or try to correct the wrongs and civil rights abuses that MR. SILVERMAN was subject to.

44.   At no point did the INDIVIDUAL DEFENDANTS follow their sworn duty to protect the public from police abuse.

45.   As a consequence of the DEFENDANTS, collectively and individually, unconstitutional actions, grossly negligent behavior, and violation of State and Federal

laws, Sgt. SILVERMAN was deprived of his freedom; was subject to great economic and emotional harm; and was subjected to great fear, terror, personal humiliation and degradation; and continues to suffer economic distress as a result of the aforesaid unlawful conduct of DEFENDANTS, their agents, employees, and servants.

46.     The DEFENDANTS, their agents, employees and servants acted under color of law to deny Sgt. SILVERMAN his constitutional rights to due process and freedom from unlawful seizures in the form of excessive force and false imprisonment.

47.     Without any reasonable or rational basis for this conduct, the rights secured to MR. SILVERMAN by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution were violated.

48.     Due to the above actions and unlawful conduct, Sgt. SILVERMAN has suffered significant economic and emotional harm.

49.     The by reason of the foregoing, Sgt. SILVERMAN has been damaged

### AS AND FOR A SECOND COUNT,
### 42 U.S.C. § 1983
(Due Process Against All Defendants)

50.     MR. SILVERMAN repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51.     Under color of law, the DEFENDANTS, their agents, employees and servants deprived the Sgt. SILVERMAN of his Fourth, Fifth, Sixth and Fourteenth Amendment rights to protection from unlawful seizure in the form Equal Protection and Due Process.

52.     Sgt. SILVERMAN'S due process was further violated when the INDIVIDUAL DEFENDANTS affirmatively arrested PLAINTIFF, knowing such an arrest had no basis in probable cause.

53.     Any one of the DEFENDANTS could have prevented a continuation of the wrongs propagated against MR. SILVERMAN.

54.     The INDIVIDUAL DEFENDANTS allowed for and encouraged the abuse of process on Sgt. SILVERMAN.

55.     At no point did the INDIVIDUAL DEFENDANTS come forward or try to correct the wrongs and civil rights abuses that Sgt. SILVERMAN was subject to.

56.     At no point did the INDIVIDUAL DEFENDANTS follow their sworn duty to protect the public from police abuse.

57.     As a consequence of the DEFENDANTS, collectively and individually, unconstitutional actions, grossly negligent behavior, and violation of State and Federal laws, Sgt. SILVERMAN was deprived of his freedom; was subject to great economic and emotional harm; and was subjected to great fear, terror, personal humiliation and degradation; and continues to suffer economic distress as a result of the aforesaid unlawful conduct of DEFENDANTS, their agents, employees, and servants.

58.     The DEFENDANTS, their agents, employees and servants acted under color of law to deny Sgt. SILVERMAN his constitutional rights to due process and freedom from unlawful seizures in the form of excessive force and false imprisonment.

59.     Without any reasonable or rational basis for this conduct, the rights secured to Sgt. SILVERMAN by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution were violated.

60.     Due to the above actions and unlawful conduct, Sgt. SILVERMAN has suffered significant economic and emotional harm.

61.     The by reason of the foregoing, Sgt. SILVERMAN has been damaged

## AS AND FOR A THIRD COUNT,
### 42 U.S.C. § 1983
(Malicious Prosecution Against All Defendants)

62.     Sgt. SILVERMAN repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 61 of this Complaint with the same force and effect as if fully set forth herein.

63.     Under color of law, the DEFENDANTS, their agents, employees and servants deprived the Sgt. SILVERMAN of his Fourth, Fifth, Sixth and Fourteenth Amendment rights to protection from unlawful seizure in the form of malicious prosecution.

64.     Sgt. SILVERMAN'S due process was further violated when the INDIVIDUAL DEFENDANTS affirmatively arrested PLAINTIFF, knowing such an arrest had no basis in probable cause and continued in the wrongful conduct by processing and prosecuting Sgt. SILVERMAN.

65.     Any one of the INDIVIDUAL DEFENDANTS could have prevented a continuation of the wrongs propagated against Sgt. SILVERMAN.

66.     The DEFENDANTS allowed for and encouraged the abuse of process on Sgt. SILVERMAN.

67.     At no point did the DEFENDANTS come forward or try to correct the wrongs and civil rights abuses that Sgt. SILVERMAN was subject to.

68.     At no point did the INDIVIDUAL DEFENDANTS follow their sworn duty to protect the public from police abuse.

69.    As a consequence of the DEFENDANTS, collectively and individually, unconstitutional actions, grossly negligent behavior, and violation of State and Federal laws, Sgt. SILVERMAN was deprived of his freedom; was subject to great economic and emotional harm; and was subjected to great fear, terror, personal humiliation and degradation; and continues to suffer economic distress as a result of the aforesaid unlawful conduct of DEFENDANTS, their agents, employees, and servants.

70.    The DEFENDANTS, their agents, employees and servants acted under color of law to deny Sgt. SILVERMAN his constitutional rights to due process and freedom from unlawful seizures in the form of excessive force and false imprisonment.

71.    Without any reasonable or rational basis for this conduct, the rights secured to Sgt. SILVERMAN by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution were violated.

72.    Due to the above actions and unlawful conduct, MR. SILVERMAN has suffered significant economic and emotional harm.

73.    The by reason of the foregoing, Sgt. SILVERMAN has been damaged

**AND AS FOR A FOURTH COUNT**
**42 U.S.C. § 1983**
(Municipal Liability)

74.    PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 73 of this Complaint with the same force and effect as if fully set forth herein.

75.    In actively inflicting and failing to prevent the above state abuses incurred upon Sgt. SILVERMAN of abuse of process, false imprisonment, police brutality, disregard to proper training of police officers, assault, battery, and gross negligence; the

DEFENDANTS acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of Sgt. SILVERMAN against illegal seizure in the form of false arrest, physical abuse, detained custody and other due process violations.

76.     Said civil and constitutional rights are guaranteed to Sgt. SILVERMAN by 42 U.S.C. §§ 1983, 1985, and by the Fourth, Fifth, Sixth, and Fourteenth Amendment of the United States Constitution.

77.     NEW YORK CITY exhibited gross negligence and deliberate indifference to Sgt. SILVERMAN by allowing the INDIVIDUAL DEFENDANTS to patrol the streets

78.     This gross negligence directly resulted in the appalling wrongs done unto Sgt. SILVERMAN by the INDIVIDUAL DEFENDANTS.

79.     Further, abuse of process continued by NEW YORK CITY for their refusal to properly investigate or take action on the charges of abuse and gross negligence against the DEFENDANTS (collectively and individually).

80.     Such abuse of process was continued by the DEFENDANTS, their agents, servants, and employees in their refusal to adequately investigate, review and take action regarding the abuse and unlawful actions that INDIVIDUAL DEFENDANTS perpetrated on Sgt. SILVERMAN.

81.     Both before and after July 27, 2016, NEW YORK CITY has permitted, tolerated, and encouraged a pattern and practice of unjustified, unreasonable, and illegal abuses and arrest of persons by police officers of NEW YORK CITY and the wrongful detention of such persons.

82.     Although such police conduct was improper, said incidents were covered up by NEW YORK CITY, its agents, employees and servants by official claims that's the officers' gross negligence, excessive force and abuse of process were justified and proper, or by leveling false charges against the persons who were victims of said gross negligence, excessive force and abuse of process, so as to insulate the offending police officers and other officials from prosecution and liability.

83.     Said charges and official claims have been fully backed by NEW YORK CITY, which has repeatedly and unreasonably sided with the abuse of persons so affected in far to many cases, despite vast evidence of wrongdoing by its police officers against individuals, including Sgt. SILVERMAN herein.

84.     Additionally, NEW YORK CITY has systematically failed to identify the improper abuse, misuse, violative acts and brutality by police officers and officials, while further failing to subject such officers and officials to discipline, closer supervision or restraint.

85.     Upon information and belief, specific systemic flaws in the NEW YORK CITY misconduct review process include, but are not limited to, the following:

    i.   Preparing reports regarding investigations of unwarranted incidents as routine point-by-point justification of the police officers' actions regardless of whether such actions are justified;

    ii.   Police officers investigating unwarranted incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the unwarranted incidents;

    iii.   Police officers investigating unwarranted incidents fail to include in their reports relevant factual information which would tend to contradict the statements of the police officer involved;

  iv. Supervisory police officers exonerate offending police officers for misconduct and abuse of process before the investigation of the incident by the police department has been completed;

  v. NEW YORK CITY and its police department hastily accepts the police officers' reports as provided regarding abuses and civil rights infringements, despite evidence to suggest that the police reports are inaccurate, untruthful and meant to conceal blatant police misconduct.

86. Said cover-up by the NEW YORK CITY, was executed in this case where NEW YORK CITY, its agents, employees and servants failed to sufficiently investigate the truthfulness and accuracy of police officers' statements and instead acted under color of statue to knowingly, recklessly and/or negligently impose false charges upon MR. SILVERMAN.

87. By permitting and assisting such a pattern of police misconduct, NEW YORK CITY, acted under color of custom and policy to condone, encourage and promote the deprivation of Sgt. SILVERMAN'S Fourth, Fifth, and Fourteenth Amendment rights.

88. The actions, of the INDIVIDUAL DEFENDANTS in inflicting abuse of process, false arrest, and continued wrongs against Sgt. SILVERMAN was a direct result of NEW YORK CITY'S failure to train and supervise the INDIVIDUAL DEFENDANTS, who were each acting under color of law and pursuant to the objectives of NEW YORK CITY.

89. NEW YORK CITY should have known that such failures and gross negligence would cause the precise economic, emotional, and civil rights injuries suffered herein in by Sgt. SILVERMAN.

90.   As a direct consequence of the NEW YORK CITY'S systemic practice, pattern, and custom of intentionally or recklessly promoting and supporting officers' and officials' violations of 42 U.S.C. § 1983, Sgt. SILVERMAN was deprived of his freedom and subject to extensive economic and emotional harm.

91.   As a proximate cause of NEW YORK CITY, its agents, and employees, supporting and effectively promoting the very same police abuses which occurred against Sgt. SILVERMAN, PLAINTIFF was subjected to great fear, personal humiliation and degradation, with wanton disregard for the harm and damage done to the economic and emotional wellbeing of the Sgt. SILVERMAN.

92.   That by reason of the foregoing, Sgt. SILVERMAN has been damaged.

## AS AND FOR THE FIFTH CAUSE OF ACTION: MALICIOUS PROSECUTION
### (Against the Individual Defendants)

93.   The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 92 of this Complaint with the same force and effect as though fully set forth herein.

94.   Moreover, the NYPD's own legal department told DEFENDANTS CUNNINGHAM and COLLAZO **not to arrest** PLAINTIFF. Yet, knowing the above, the INDIVIDUAL DEFENDANTS still wrongfully and falsely arrested Sgt. SILVERMAN.

95.   The INDIVIDUAL DEFENDANTS lacked and probable cause to arrest Sgt. SILVERMAN; retain Sgt. SILVERMAN; and/or cause Sgt. SILVERMAN to be detained and prosecuted.

96.     The subsequent malicious prosecution of Sgt. SILVERMAN, following his wrongful arrest, was conducted with knowledge that Sgt. SILVERMAN Was wrongfully stopped, falsely detained, and wrongfully arrested.

97.     Such malicious prosecution was committed by the INDIVIDUAL DEFENDANTS under color of law, customs, and statutes of the State of New York.

98.     Under color of law, the DEFENDANTS deprived Sgt. SILVERMAN of his rights to protection from unlawful search and seizure by falsely charging him criminally and prosecuting Sgt. SILVERMAN pursuant to such criminal statutes, for which there is no evidence or substantiation of any kind to support the allegations.

99.     The accusations of wrongful actions leveled against Sgt. SILVERMAN were false and were an attempt by the INDIVIDUAL DEFENDANTS, acting individually and collectively, to cover up the false arrest and abuse of process which has been inflicted by the INDIVIDUAL DEFENDANTS upon PLAINTIFF.

100.    DEFENDANTS collectively and individually initiated the prosecution of Sgt. SILVERMAN and/or caused the initiation of said prosecution based upon their affirmative bad-faith actions outlined above.

101.    As a consequence of the INDIVIDUAL DEFENDANTS wrongful actions, gross negligence, and violations of New York State law Sgt. SILVERMAN was deprived of his freedom, was made to suffer economic and emotional injuries, was caused to suffer special damages, including legal fees and costs; was subject to great fear, terror, personal humiliation and degradation.

102.    That by reason of the foregoing, Sgt. SILVERMAN has been damaged.

**AS AND FOR THE SIXTH CAUSE OF ACTION:**
**ABUSE OF PROCESS**
(Against all Defendants)

103.    The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 102 of this Complaint with the same force and effect as though fully set forth herein.

104.    DEFENDANTS conduct has resulted in continued and active harm to PLAINTIFF in the form of modified duty, being passed over for promotions, and preventing PLAINTIFF from being allowed over-time work.

105.    DEFENDANTS, intentionally, recklessly, and maliciously filed and/or caused to be field, a false, inaccurate, and/or misleading criminal complaint to Sgt. SILVERMAN.

106.    The criminal complaint was made by the aforementioned DEFENDANTS with knowledge that the criminal complaint was untruthful.

107.    The false criminal complaint lodged by DEFENDANTS was brought forth with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

108.    DEFENDANTS abused the criminal process for the sole purpose/motive to cover up their own illegal actions.

109.    DEFENDANTS, with knowledge of the inaccuracy and/or falsity of said criminal complaint made by DEFENDANTS without any investigation and/or rudimentary query, based upon facts existing at all time relevant to the Complaint; intentionally, recklessly and maliciously caused to be filed said false, inaccurate, and/or misleading criminal complaint against Sgt. SILVERMAN.

110.    Said criminal complaint was made by the aforementioned DEFENDANTS without any actual research and investigation into the veracity and/or truthfulness of said complaint.

111.    The subsequent malicious prosecution of Sgt. SILVERMAN was done by DEFENDANTS with the knowledge that such acts contained therein were false, misleading and/or otherwise inaccurate.

112.    DEFENDANTS were motivated to committee these wrongs by self-serving ideas of self-preservation to insulate themselves from liability after subjecting Sgt. SILVERMAN to multiple violations of his civil rights.

113.    DEFENDANTS clear intention was to falsely arrest, falsely prosecute and to cause harm to Sgt. SILVERMAN without proper motive, excuse, or justification of any kind.

114.    DEFENDANTS use of the criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Sgt. SILVERMAN solely for a purpose that was/is outside the legitimate ends of the criminal process; the cover-up of clear police misconduct.

115.    As a direct consequence of the DEFENDANTS', collective and individual, wrongful actions, grossly negligent behavior, violation of state and federal laws, Sgt. SILVERMAN was deprived of his freedom, subject to false criminal arrest, subject to malicious prosecution, made to suffer great personal physical injuries, made to suffer financial/monetary injuries, subjected to great fear, terror, personal humiliation and degradation, and continues to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the DEFENDANTS.

116.    That by reason of the foregoing, Sgt. SILVERMAN has been damaged.

### AS AND FOR THE SEVENTH CAUSE OF ACTION:
### GROSS NEGLIGENCE
(Against the Individual Defendants)

117.    The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 116 of this Complaint with the same force and effect as though fully set forth herein.

118.    The INDIVIDUAL DEFENDANTS, each of them in their individual and official capacities had a duty under New York State's Constitution and the Constitution of the United States to prevent and cease the wrongful detainment, false arrest, false imprisonment, malicious prosecution and false charging and other wrongful acts that were committed against Sgt. SILVERMAN.

119.    The INDIVIDUAL DEFENDANTS, each of them in their individual and official capacities, and NEW YORK CITY, have a duty to conduct proper investigations with regard to all criminal complaints to assure that such criminal complaints are accurate and truthful. INDIVIDUAL DEFENDANTS are required to undergo any and all investigative procedures reasonably available to make sure persons, like Sgt. SILVERMAN, are not falsely/wrongfully arrested and charged.

120.    INDIVIDUAL DEFENDANTS have a duty to arrest and prosecute individuals only when there is probable cause to effect and arrest and/or subject a person to said prosecution.

121.    INDIVIDUAL DEFENDANTS failed with respect to all of the above-mentioned duties owed to Sgt. SILVERMAN.

122.    As a direct proximate cause INDIVIDUAL DEFENDANTS' failures, Sgt. SILVERMAN was caused to suffer great harm, including but not limited to, physical and economic injury, emotional pain and suffering, legal costs and fees, false arrest, criminal prosecution, confinement, and other injuries/damages all of which were foreseeable and reasonably foreseeable by DEFENDANTS.

123.    Sgt. SILVERMAN would not have been cause to suffer any of the above-mentioned injuries but for DEFENDANTS breach of duties and failures.

124.    In actively inflicting and failing to prevent the above stated abuses incurred by Sgt. SILVERMAN, DEFENDANTS acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of PLAINTIFF against illegal search and seizure, detained custody and arrest without other due process violations.

125.    Said rights are guaranteed to Sgt. SILVERMAN by the New York State Constitution and the United States Constitution.

126.    The breach of duty under the New York State Constitution by the INDIVIDUAL DEFENDANTS was a direct and proximate cause of the harm suffered by Sgt. SILVERMAN. Said harm include, pain and suffering, personal humiliation, and emotional and psychological damage.

127.    By reason of the foregoing, Sgt. SILVERMAN has been damaged.

**AS AND FOR THE SIXTH CAUSE OF ACTION:**
**VICARIOUS LIABILITY**
(Against New York City For Malicious Prosecution)

128.   The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 127 of this Complaint with the same force and effect as though fully set forth herein.

129.   All of the above-mentioned improper actions taken by the INDIVIDUAL DEFENDANTS were committed while they were acting in furtherance of NEW YORK CITY official business.

130.   All of the above mentioned improper actions taken by the INDIVIDUAL DEFENDANTS were committed while acting within the scope of their authority and assigned duties as employees, agent, and officer for NEW YORK CITY.

131.   NEW YORK CITY knew and/or should have known that said improper activity and blatant violations of PLAINTIFF'S constitutionally secured rights were taking place by its employees while acting within the scope of their assigned duties.

132.   The INDIVIDUAL DEFENDANTS effected a summary arrest on PLAINTIFF with no probable cause.

133.   The INDIVIDUAL DEFENDANTS filed and/or caused to be filed, false/perjured statements pertaining to the arrest of PLAINTIFF.

134.   The above stated willful, reckless, negligent action taken by the INDIVIDUAL DEFENDANTS against PLAINTIFF, while acting within the scope of their authority was foreseeable and/or should have been reasonably anticipated by NEW YORK CITY.

135.   NEW YORK CITY is responsible and/or liable PLAINTIFF for each and every above-described act committed by the INDIVIDUAL DEFENDANTS while acting within

the scope of their authority as employee's, agents, and law enforcements officers for THE CITY OF NEW YORK.

136.    As a direct result of DEFENDANTS grossly negligent acts, Sgt. SILVERMAN suffered and is entitled to damage sustained to date.

## PUNITIVE DAMAGES

137.    The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 136 of this Complaint with the same force and effect as though fully set forth herein.

138.    The acts of the DEFENDANTS were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm Sgt. SILVERMAN, without regard for PLAINTIFFS wellbeing, and were based on a lack of concern and ill-will towards MR. SILVERMAN.  Such acts therefore deserve an award of punitive damages.

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS:

a.      Special and Compensatory Damages;

b.      Punitive Damages;

c.      Award costs of this action including attorney's fees to the PLAINTIFF; and

d.      An order granting such other legal and equitable relief as the court deems just and proper,

## A JURY TRIAL IS HEREBY DEMANDED.

Pursuant to Fed. R. Civ. P. 38, PLAINTIFF hereby requests a trial by jury for all issues so triable.

Dated:      November 2, 2018
            New York, New York

                                        Respectfully Submitted,

                                        **Weinstein & Weinstein, LLP**
                                        *Attorney for Plaintiff*


                            By:     _____/s_____
                                    **JACOB Z. WEINSTEIN, ESQ.** (JW6133)
                                    68-15 Main Street, 2nd Floor
                                    Flushing, NY 11367
                                    TELEPHONE: (646) 450-3484
                                    FACSIMILE: (646) 774-0368
                                    E-MAIL: Jacob@WeinsteinLLP.com